UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

18-CR-204(NGG)

UNITED STATES OF AMERICA,

United States Courthouse
Brooklyn, New York

-against-

February 06, 2019
11:00 a.m.

KEITH RANIERE, ALLISON MACK, CLARE BRONFMAN, KATHY RUSSELL, LAUREN SALZMAN, AND NANCY SALZMAN,

Defendants.

------------------------------x

TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES SENIOR DISTRICT JUDGE

APPEARANCES

For the Government: UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: MOIRA KIM PENZA, ESQ.
TANYA HAJJAR, ESQ.
MARK LESKO, ESQ.
KEVIN TROWEL, ESQ.
SHANNON JONES, ESQ.
Assistant United States Attorneys

For Keith Raniere: BRAFMAN & ASSOCIATES
767 Third Avenue
New York, New York 10017
BY: MARC AGNIFILO, ESQ.
TENY ROSE GERAGOS, ESQ.

DEROHANNESIAN & DEROHANNESIAN
677 Broadway
Albany, New York 12207
BY: PAUL DEROHANNESIAN, II, ESQ.

(Continued following page.)

(Appearances Continued.)

For Allison Mack: KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
BY: SEAN STEPHEN BUCKLEY, ESQ.
STEVEN KOBRE, ESQ.
WILLIAM McGOVERN, ESQ.

For Clare Bronfman: HAFETZ & NECHELES LLP
10 East 40th Street
New York, New York 10016
BY: SUSAN R. NECHELES, ESQ.
KATHLEEN CASSIDY, ESQ.

SHAPIRO ARATO BACH LLP
500 Fifth Avenue
New York, New York 10110
BY: ALEXANDRA SHAPIRO, ESQ.

For Kathy Russell: SHER TREMONTE LLP
90 Broad Street
New York, New York 10004
BY: JUSTINE HARRIS, ESQ.
BY: AMANDA RAVICH, ESQ.

For Lauren Salzman: QUARLES & BRADY LLP
Two North Central Avenue
Phoenix, Arizona 85004
BY: HECTOR DIAZ

For Nancy Salzman: ROTHMAN, SCHNEIDER, SOLOWAY, & STERN P.C.
100 Lafayette Street
New York, New York 10013
BY: DAVID STERN, ESQ.
ROBERT SOLOWAY, ESQ.

Court Reporter: Rivka Teich, CSR, RPR, RMR, FCRR
Phone: 718-613-2268
Email: RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography. Transcript produced by computer-aided transcription.

(In open court.)

COURTROOM DEPUTY: United States versus Raniere.

Counsel state your appearances.

MS. PENZA: Moira Penza, Tanya Hajjar, Mark Lasko and Kevin Trowel for the United States. Good morning. Also at counsel table we have Shannon Jones who is a member of our firewall team.

THE COURT: She's a member of your firewall team?

MS. PENZA: Yes, your Honor and she's an Assistant United States Attorney.

THE COURT: Thank you.

MR. AGNIFILO: Mark Agnifilo, Teny Geragos, Paul DerOhannesian for Keith Raniere, who is with us.

THE COURT: Thank you.

MR. DIAZ: Good morning. Hector Diaz for Lauren Salzman who is to my left.

MR. BUCKLEY: Sean Buckley and William McGovern for Ms. Allison Mack.

MS. HARRIS: Justine Harris and Amanda Ravich for Ms. Russell.

MS. NECHELES: Susan Necheles, Alexandra Shapiro, Kathleen Cassidy, and Fabien Thayamballi for Ms. Bronfman, who is with us.

THE COURT: Please be seated.

MS. PENZA: Your Honor --

THE COURT: Go ahead.

MS. PENZA: -- I do note that Ms. Salzman and her attorneys are not present.

THE COURT: I guess I can count the five but not six.

(Counsel arrived.)

THE COURT: Appearance.

MR. STERN: David Stern and Robert Soloway for Ms. Salzman.

THE COURT: The Court has reviewed the submissions of the defense with regard to the Trust Indenture and Mr. Walker's sworn declaration being provided to the Government, and the Court believes that it is helpful and appropriate for the Government to receive a redacted version of both documents. And therefore, I'm directing, since Mr. Agnifilo is seems to be the providing liaison, I'll do two things.

One, I'm going to ask Mr. Agnifilo to advise Mr. Walker that the Court is going to direct Mr. Agnifilo to provide these documents to the Government, but I'll give Mr. Walker until Friday to advise the Court if the Trustee has any objection to what the Court is planning to do. I think it's only fair. Mr. Walker has been cooperative, but I don't see there is any harm done by having the Government receive these documents ahead of a Curcio discussion for the five

defendants who will be having Curcio hearing.

What I'm directing Mr. Agnifilo to do by next Monday is, as long as there hasn't been an objection that I haven't ruled on -- if I rule on the objection you'll know about it by the end of the day Friday -- with regard to the Trust Indenture I'm directing that Schedules B and C be redacted before the Indenture is provided to the Government.

And with regard to Mr. Walker's January 14, 2019, sworn declaration, I direct that that be provided to the Government with the redaction of paragraphs three and six. I think that will do it.

Do you want to check three and six?

MR. AGNIFILO: We're checking it. So Schedules B and C are redacted in total.

THE COURT: Yes.

MR. AGNIFILO: And then paragraphs three and six are redacted in total.

THE COURT: That's right.

MR. AGNIFILO: Okay, Judge.

THE COURT: That should pretty much do it. That will deal with some of the specific objections that counsel for the defendants have had about the release of these documents.

With regard to Mr. Raniere's and Clare Bronfman's motions to suppress, I'm referring those motions to Judge

Scanlon for report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1) because the motions appear to be intertwined with the privilege and discovery issues that Judge Scanlon has been working on and reviewing with the parties.

The Court is also reviewing Kathy Russell's motion to dismiss; and the two motions to sever, one by Lauren Salzman the other by Clare Bronfman, Kathy Russell and Nancy Salzman. These motions appear to be fully briefed, the Court will decide them without oral argument.

With regard to Curcio counsel for Mr. Raniere, Allison Mack, Clare Bronfman, Nancy Salzman and Lauren Salzman, the Court directs that each, if and when I appoint Curcio counsel, I direct each defendant's retained counsel to provide their client's Curcio counsel with copies of the Trust Indenture, Mr. Walker's January 14 sworn declaration, retain counsel's exparte letter to the Court file on February 1st, that contains information about their arrangements with the Trust, and any other materials needed by Curcio counsel before we have a Curcio hearing.

So that's my agenda. Unless anyone has anything to raise, I'm done, but I'm sure you might have something.

MR. AGNIFILO: May I ask one clarifying question?

THE COURT: I'm so glad you said you had something to say. Go ahead.

MR. AGNIFILO: So the materials to the Curcio counsel are not with redactions, that's in total.

THE COURT: Not with redactions because in effect they represent your client.

MR. AGNIFILO: I want to make sure.

THE COURT: I just wanted to make sure, although I expected that you would do this any way, that Curcio counsel would receive these materials in order to have a fulsome discussion with his or her client before we have a hearing.

MR. AGNIFILO: Understood, Judge. Thank you.

THE COURT: Is there something else from you at the moment? You can you can wait while I hear from the Government, you're patient.

MR. AGNIFILO: I'm very patient. I'm fine.

THE COURT: Yes.

MS. PENZA: The Government would like to raise one issue regarding the privilege review process that is going on before Judge Scanlon. We have, the prosecution team -- the full prosecution team does have a scheduled conference before Judge Scanlon next Monday at 12:30. But we have been concerned about certain issues being brought before Judge Scanlon in the absence of, to the exclusion of the trial team.

So for example, last week without copying the trial team on the e-mail, the Mr. Raniere's counsel sought to have the bail issues regarding MDC heard before Judge Scanlon at an

appearance where only our firewall team would be present. Yesterday at a conference where the trial team understood that it was just our firewall team that was supposed to appear before Judge Scanlon, we understand that a number of issues were raised regarding privilege issues but that did not touch upon privileged documents, and we had already understood that the trial team would be arguing those issues.

And so in light of that, we wanted to raise that concern with the Court. We obviously are before Judge Scanlon again on Monday. The issue that is particularly ripe that we wanted to discuss with you is that the trial team would like to review the transcript from yesterday's appearance before Judge Scanlon. We understand that it was not a closed courtroom, our understanding is there were no privileged materials discussed. But we believe it would be useful for us to review that transcript prior to our appearance before Judge Scanlon.

But just because of the way things have been operating and the fact that it seemed that Judge Scanlon wanted to meet with the firewall team without us yesterday, we wanted to raise that with the Court before we just reviewed the transcript.

MS. CASSIDY: I have no objection to the Government prosecution team reviewing the transcript from yesterday's conference. It was an open hearing, nothing privileged was

discussed.

MS. PENZA: Thank you, your Honor, so we would --

MR. AGNIFILO: I think my colleague is under the misapprehension of what we were trying to do, which was this, we wanted to be able to see Mr. Raniere before today's court appearance. We asked Judge Scanlon, because she had a court appearance yesterday, to produce Mr. Raniere so we could see him yesterday since we haven't been able to see him for eight days so we could discuss things that would be relevant at this court appearance. We weren't trying to bring an issue of bail to Judge Scanlon. I didn't.

THE COURT: I didn't say you did.

MR. AGNIFILO: You gave me a look that you thought I might have, that's not what I was doing at all.

THE COURT: I don't know, I'm trying to avoid doing something like that. I'm not Nancy Pelosi at the State of the Union. I'm not applauding; I'm just looking. Go ahead.

MR. AGNIFILO: Your Honor's looks speak so loudly and clearly.

THE COURT: That's why I can't play poker. Go ahead.

MR. AGNIFILO: What we were trying to do, all we were trying to do, is have access to Mr. Raniere before today.

THE COURT: But he was here yesterday.

MR. AGNIFILO: But we didn't know that at the time.

THE COURT: Wasn't I here with you and him?

MR. AGNIFILO: This was before your Honor's scheduling. I thanked your Honor for scheduling that on short notice. We didn't know we were going to have a proceeding with your Honor on Tuesday, that's what we were trying to do. Not to try to take the issue of bail away from your Honor. And your Honor ruled, and that's where we are. Thank you.

THE COURT: All right. You got your answer?

MS. PENZA: I believe so.

THE COURT: Is there any objection from anybody on the defense side? Hearing none.

MS. PENZA: And the only further thing, your Honor. We expect we may seek a status conference following that conversation on Monday with Judge Scanlon.

THE COURT: I believe I'll be here.

MS. PENZA: Thank you, your Honor.

THE COURT: Please give us give some notice so that everyone can be, everyone needs who needs to be here can be here. If we don't need certain defendants and their counsel to be here, they will let us know. But everyone should be given notice so they can make their own decisions as to whether to be here for whatever it is that you want to discuss.

MS. PENZA: Understood, thank you.

THE COURT: Other issues?

MS. SHAPIRO: We put in a request, which I believe Government extended our time, to respond to their enterprise evidence motion to February 18. I may have missed it but I don't believe the Court ruled on that.

THE COURT: Is there an objection?

MS. PENZA: There wasn't an objection, your Honor. We had a reply date in there as well, I understand it was going to be ruled on.

THE COURT: That's fine. So ordered.

MS. SHAPIRO: Thank you.

MR. AGNIFILO: Yes, thank you, Judge. The Government has offered certain dates, dates for 3500, witness lists, exhibit lists, I don't now how your Honor wants to handle it. If you want us to go back to the Government and convince them to do this a little earlier than they proposed, it's not something that we need to necessarily argue about, unless we really end up finding that we have disagreement and unwilling to move the date. So I don't know that I want to take up the Court's time now over a discussion over dates. It might be the most productive thing to go back to the Government, arrive at a set of dates, then present that to your Honor.

THE COURT: I would like you to do that. To the extent that you can't agree on mutually on acceptable set of dates, I would ask the defense to provide me with a proposal.

MR. AGNIFILO: Thank you, Judge.

THE COURT: Then I'll look at both the Government's dates and your dates and I'll work something out.

MR. AGNIFILO: Very good.

THE COURT: Is that all right?

MS. PENZA: Of course, your Honor.

MR. DIAZ: We filed a motion extending, requesting the extension of Ms. Salzman's contact with her mother at the table.

THE COURT: I think there was no objection to that by the Government.

MS. PENZA: That's correct.

THE COURT: My only problem with your request was you indicated there were two requests basically. After the second request you said the Government didn't object. And I didn't know whether that was for request one, request two, or both requests? And I was going to raise that before we finish today.

You have no objection to either of the requests?

MS. PENZA: That's correct.

THE COURT: That's so ordered, your application is so ordered.

I wasn't sure but I knew you'd be here today so I thought we would resolve that uncertainty in my mind today.

MR. DIAZ: Thank you, Judge.

THE COURT: Other issues from the defense? From the Government?

MS. PENZA: Your Honor, could I just have one moment to confer with counsel for Ms. Bronfman on an issue that we were discussing?

THE COURT: Yes, of course.

(Brief pause.)

MS. PENZA: Thank you, your Honor. I believe we ARE going to be able to agree on that issue; it's not something we need to raise before, your Honor.

THE COURT: The issue you were just discussing.

MS. PENZA: Yes.

THE COURT: Fine. I'm going to schedule Curcio hearings in the next few weeks. Ms. Bronfman won't need a Curcio conference.

MS. NECHELES: That's my understanding.

THE COURT: I mentioned her on the list, but she's not going to have a Curcio.

MS. NECHELES: I understood that, your Honor.

THE COURT: I wanted to clarify that.

We need to set a date for another status conference. And is there a suggestion from the Government as to when we should hold that status conference or from the defense?

MS. PENZA: I think right now, your Honor, 30 days is appropriate.

THE COURT: Any objection to 30 days?

MR. AGNIFILO: We would like three weeks from today.

THE COURT: Let's see what we have. The 27th of February.

MR. AGNIFILO: That's our preference -- one second, I'm sorry. Your Honor, could we do the 28th?

MS. PENZA: That's fine, your Honor. We're before you at noon, but other than that we're fine.

THE COURT: Let's do 11:00 a.m., 28th of February for status conference and hopefully all Curcio hearings will be done by that time.

Is there anything further before I exclude time?

MS. PENZA: Not from the Government.

THE COURT: From any defendant?

MR. AGNIFILO: Nothing from us.

THE COURT: I'm excluding time until February 28, 2019, as this case has been designated a complex case, the Speedy Trial Act purposes. We'll see you on the 28th of February, have a nice day.

(Whereupon, the matter was concluded.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Rivka Teich, CSR RPR RMR FCRR
Official Court Reporter
Eastern District of New York