**CROCKETT & ASSOCIATES**
Robert D. Crockett (*pro hac vice*)
23929 Valencia Boulevard, No. 303
Valencia, California 91355
(323) 487-1101
*Attorneys for Plaintiffs/Counterclaim Defendants NXIVM Corporation and First Principles, Inc.; and Cross-claim Defendant Nancy Salzman*

**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
Brian M. English
3 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
(973) 622-3000
*Attorneys for Plaintiffs/Counterclaim Defendants NXIVM Corporation and First Principles, Inc.; and Cross-claim Defendant Nancy Salzman*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION, (formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.) and FIRST PRINCIPLES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INSTITUTE, RICK ROSS (a/k/a "RICKY" ROSS), STEPHANIE FRANCO, PAUL MARTIN, Ph.D., AND WELLSPRING RETREAT, INC.,<br><br>Defendants.<br>RICK ROSS,<br><br>Counterclaim-Plaintiff, | Civil Action No.: 06-cv-1051 (KSH/CLW)<br><br>**DECLARATION OF ROBERT D. CROCKETT IN RESPONSE TO SUPPLEMENTAL DECLARATION OF ROBERT J. LACK (Dkt. No. 854)** |

-against-

KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE, AND JOHN DOES 1-10,

   Counterclaim-Defendants.

INTERFOR, INC. and JUVAL AVIV,

   Crossclaimants,

 v.

NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN and KRISTIN KEEFFE,

   Crossclaim-Defendants.

I, Robert D. Crockett, declare as follows:

1. I am the owner and principal of the law firm Crockett & Associates and am admitted *pro hac vice* in this action as counsel for Crossclaim Defendants NXIVM Corporation ("NXIVM"). I have personal knowledge of all matters referenced herein. I submit this declaration in response to the Declaration of Robert J. Lack submitted pursuant to this Court's order.

2. On August 26, 2019, this Court ordered Crossclaimant Interfor, Inc. ("Interfor") to file a supplemental submission setting forth additional attorneys' fees and costs and a proposed calculation of prejudgment interest. (Dkt. 842 at 2.) Interfor did so on September 23, 2019. (Dkt. 854.) This Court further ordered that NXIVM file any opposition to Interfor's submission by October 15, 2019. (Dkt. 842 at p. 3.)

3. Despite my continued efforts to contact a representative of NXIVM, I have received no direction from NXIVM regarding how, or whether, to proceed with any opposition to Interfor's submission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Valencia,

3

California on October 14, 2019.

October 14, 2019					Respectfully submitted,

						*[signature: Robert D. Crockett]*
						_____
						Robert D. Crockett

4846-5657-4889, v. 1

4

Brian M. English
**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
3 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
(973) 622-3000
*Attorneys for Plaintiffs/Counterclaim Defendants/Crossclaim Defendants NXIVM Corporation and First Principles, Inc.; and Third-Party Defendant Nancy Salzman*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION, (formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.) and FIRST PRINCIPLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INSTITUTE, RICK ROSS (a/k/a "RICKY" ROSS), STEPHANIE FRANCO, PAUL MARTIN, Ph.D., AND WELLSPRING RETREAT, INC., <br><br> Defendants. | Civil Action No.: 06-cv-1051 (KSH/CLW) <br><br> **DECLARATION OF BRIAN M. ENGLISH IN RESPONSE TO INTERFOR SUPPLEMENTAL SUBMISSION** |
| RICK ROSS, <br><br> Counterclaim-Plaintiff, <br><br> -against- <br><br> KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE, AND JOHN DOES 1-10, <br><br> Counterclaim-Defendants. | |
| INTERFOR, INC. and JUVAL AVIV, <br><br> Crossclaimants, | |

v.

NXIVM CORPORATION, KEITH
RANIERE, NANCY SALZMAN and
KRISTIN KEEFFE,

      Crossclaim-Defendants.

I, Brian M. English, declare as follows:

1. I am a member of the law firm Tompkins, McGuire, Wachenfeld & Barry LLP ("Tompkins, McGuire"), local counsel in this matter for Plaintiffs NXIVM Corporation, f/k/a Executive Success Programs, Inc., and First Principles, Inc. (referred to collectively as "NXIVM") and Third-Party Defendant Nancy Salzman, President of NXIVM. I have personal knowledge of all matters referenced herein. I submit this declaration in response to the supplemental submission filed with the Court on September 23, 2019 by Crossclaimant Interfor, Inc. ("Interfor").

2. On August 26, 2019, this Court entered its Opinion (DE No. 841) and Order (DE No. 842) with regard to the Interfor bench trial seeking contractual indemnification from NXIVM, which had been conducted before the Court on June 19 and 20, 2017. The Court's Order instructed Interfor's counsel to make an additional submission to the Court with regard to attorneys' fees incurred at trial and prejudgment interest, with the Interfor submission due by September 24, 2019, and any response by NXIVM due by October 15, 2019.

3. As the Court is aware from the motions to withdraw (DE No. 847 and DE No. 848) filed on September 13, 2019 by both Tompkins, McGuire and trial counsel for NXIVM—Robert D. Crockett of Crockett & Associates—no instructions have been received from representatives of NXIVM regarding proceeding with this matter following the issuance of the Opinion and Order.

4. In the period subsequent to the September 13th filing of the motions to withdraw, no instructions have been received from representatives of NXIVM with regard to how to proceed in this matter. Since, as noted by this Court, "NXIVM is no longer in operation," such instructions are very unlikely to ever issue.

2

5. On October 2, 2019, Magistrate Judge Waldor conducted a phone conference with counsel for NXIVM and counsel for Interfor. On the same day, Judge Waldor issued a Text Order (DE No. 858) denying the motions to withdraw.

6. Despite the lack of communications from the client, in accordance with Judge Waldor's Text Order I have reviewed Interfor's supplemental submission in light of the awards to Interfor contained in Judge Hayden's Opinion and Order.

7. At pages 36-37 of the Opinion, Judge Hayden ruled that Interfor was entitled to an award of prejudgment interest calculated at New York's statutory non-compounding 9% annual rate.

8. Exhibit P25D (DE No. 854-3) attached to the September 23, 2019 Declaration of Robert J. Lack ("Lack Decl.") is a computation of the prejudgment interest claimed by Interfor pursuant to the Opinion and Order. An analysis of that Exhibit indicates the prejudgment interest calculation does not overstate the interest due consistent with Judge Hayden's Opinion and Order.

9. Judge Hayden also ruled that Interfor was entitled to make a supplemental submission for attorneys' fees and costs incurred subsequent to May 31, 2017. (Page 36 of Opinion). In its supplemental submission on September 23, 2019, Interfor asserts entitlement to $322,299.48 in additional fees and costs for that time period. (¶ 8 of Lack Decl. and related Exhibits).

10. In her Opinion, Judge Hayden had approved the rates and billing methodology of Interfor's counsel in an award of $1,369,157.51 in fees and costs prior to June 1, 2017. (Pages 30-36 of Opinion). The rates and billing methodology in Interfor's supplemental submission appear to be consistent with those previously approved by Judge Hayden.

11. However, certain entries on bills submitted by Interfor as part of its supplemental submission do not appear to fall within the contractual indemnification awarded to Interfor.

12. At page 8 of the Friedman Kaplan bill for services through June 30, 2017 (DE No. 854-1) there is an entry on June 22, 2017 for 2.1 hours for Mr. Englander to "[r]eview pretrial conference transcript for errata; e-mail with Lack re: same." The fees for this task total $1,039.50.

13. There is no explanation for why this task was necessary after the trial had already taken place. The $1,039.50 should be deducted from the supplemental claim by Interfor.

14. Also on June 22, 2017 is an entry for 3.5 hours for Mr. Englander to "[r]eview invoices re: allocation for dismissal of Moody cross-claim; e-mail with Lack re: same." The fees for this task total $1,732.50.

15. The following entry is for Mr. Lack, on June 23, 2017, where he bills 1.50 hours, totaling $1,492.50, to "[r]eview e-mail and court papers re: dismissal of Moody cross-claim; e-mail to and telephone conference with Englander re: same."

16. Also on June 23rd, Mr. Englander bills 2.5 hours, totaling $1,237.50, for "[r]eview invoice allocations for Counts II and III of crossclaim; research docket entries re: dismissal of claims; e-mail and telephone conference with Lack re: same."

17. These three entries (at pages 8-9 of DE No. 854-1) appear to all relate to an affirmative crossclaim by Ms. Moody of Interfor, which would not be covered by the contractual indemnification awarded by Judge Hayden. Consequently, $4,462.50 should be deducted from Interfor's supplemental claim.

18. Friedman Kaplan's bill for the period from September 2017 through August 2019 (DE No. 854-2) contains two entries that should also be deducted from Interfor's supplemental claim.

19. First, on September 20, 2018, Mr. Lack billed .5 for drafting a letter to Judge Hayden inquiring about the status of the Judge's decision. The $497.50 billed for that letter should not be allowed as part of Interfor's supplemental claim.

4

20. Second, on August 27, 2019, Mr. Lack bills .1 ($99.50) for reviewing a letter from Ross' counsel regarding filing of the Raniere and Salzman deposition transcripts. That clearly does not fall within the indemnification awarded to Interfor.

21. In total, $6,099.00 should be deducted from Interfor's supplemental submission.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Roseland, New Jersey on October 15, 2019.

_____
Brian M. English

## CERTIFICATE OF SERVICE

I certify that on October 15, 2019, I filed the following documents with the Clerk of the United States District Court for the District of New Jersey:

(1) Declaration of Robert D. Crockett in Response to Supplemental Declaration of Robert J. Lack (Dkt. No. 854); and

(2) Declaration of Brian M. English in Response to Interfor Supplemental Submission.

I also certify that on October 15, 2019, I served copies of the above-referenced response papers on: (1) all counsel of record by CM/ECF; (2) current counsel for Nancy Salzman by Email; and (3) NXIVM Corporation and First Principles by Regular Mail.

Brian M. English
Tompkins, McGuire, Wachenfeld & Barry LLP
3 Becker Farm Road, Fourth Floor
Roseland, NJ 07068-1726
(973) 622-3000